UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JONAS ROBERT,

                Petitioner,

   -against-

JOHN ASHCROFT et al.,

                Respondent.
------------------------------------------------------X

**TRANSFER ORDER**
CV 04-1640 (RJD)

04 · 10918 RGS

DEARIE, District Judge.

    The petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a stay of deportation. The petitioner is currently detained in New Roads, Louisiana. Because the Court finds that venue is improper in the Eastern District of New York, the Court sua sponte transfers the petition to the District of Massachusetts.

    The petitioner, who is a citizen of Haiti, was admitted to the United States in 1999. In January of 2001, petitioner was served with a Notice to Appear from the Bureau of Immigration and Customs Enforcement ("BICE"). The notice stated that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), which provides for removal of aliens convicted of crimes involving moral turpitude within five years of admission to the U.S. and for which a sentence of more than a year may be imposed. According to petitioner, the basis of his removal is a conviction in Massachusetts for malicious destruction of property. After a hearing before an immigration judge, petitioner was ordered removed. This removal order became final when the BIA denied his appeal without opinion on December 23, 2002.

    Petitioner contends that venue is proper in the Eastern District of New York, despite the

fact that the underlying criminal conviction occurred in Massachusetts. Petitioner claims that since his criminal conviction, he and his family relocated from Massachusetts to Spring Valley, New York. The Court notes, however, that Spring Valley is not within this district. Petitioner also maintains that the various federal agencies named as respondents all have offices in this district. Petitioner also argues that venue is proper here, since his detention will prevent him from appearing in person in any court.

Factors to be considered in determining proper venue for petitions made pursuant to 28 U.S.C. § 2241 include (1) where all of the material events took place; (2) where records and witnesses pertinent to the claim are likely to be found; and (3) the convenience of the forum for both the respondent and the petitioner. See Henderson v. INS, 157 F.3d 106, 128 n.25 (2d Cir. 1998) (quoting Braden v. 30th Judicial Circuit Court of Ken., 410 U.S. 484, 493-94 (1973)). None of those factors suggests venue in this district is proper.

The first and second elements suggest that venue is proper in the District of Massachusetts. On the first point, the events underlying petitioner's criminal conviction occurred in Massachusetts. Second, witnesses or documents relating to those actions will likely be located in the district of Massachusetts. See Diallo v. Holmes, 288 F.Supp. 2d 442, 445 (S.D.N.Y. 2003) (transferring case from Southern District of New York to the Western District of New York because the action the petitioner complained of occurred in the Western District and any witness or documents relating to that action were likely to be in that district); Lewis v. Ashcroft, No. 02-2053, 2003 WL 22056396, at *2 (E.D.N.Y. Sept. 4, 2003) (transferring case from Eastern District of New York to New Jersey because all deportation proceedings were in New Jersey, where petitioner was incarcerated, and the administrative records were in New

Jersey as well).

Most importantly, however, is that petitioner offers absolutely no evidence suggesting any connection between this district and petitioner or his family. That his family currently reside in a different district in this state does not support a conclusion that venue is proper here in the Eastern District.

After weighing the relevant factors, this Court finds that the proper venue for this case is the District of Massachusetts. Accordingly, in the exercise of its discretion and in the furtherance of justice, the Court orders the transfer of this petition to the District of Massachusetts.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       May 5, 2004

RAYMOND J. DEARIE
United States District Judge

A TRUE COPY ATTEST
DATE 5/6 20 04
ROBERT C. HEINEMANN
CLERK
BY
DEPUTY CLERK