Carlos Sanchez                                    May 30, 2003
O.C.C.C.
1 Administration Road
Bridgewater, Mass. 02324-3230


              Re: Motion to Reopen and/or Reconsideration
              U.S. Immgration No. A 29-701-647

United States Immigration Court
Office of the Adminstrator
JFK Federal Building/Rm 320
15 New Sudbury Street
Boston, Mass. 02203

+-------------+
|  **EXHIBIT** |
|      î      |
+-------------+

        Dear Sir/Madam,

              I Enclosed  for  Filing  in  the  above  cited  action,
Please find the defendant/petitioner Motion to Reopen and/or
Reconsderation with Exhibits. I have written INS or [DHS],
for the waiver form under the 8 CFR S 3,31(b), that your
office previously cited in the missive dated 5/12/03.

              This  facility  does  not  have  any  of  the  Codes  of
Federal Regulation, so it is vitually impossible to under
stand the implied intend of the filing fees payments or
waivers.

              I have yet to recieve the request forms and Inform-
ation from [DHS or INS] as I did request this on May 19, 2003.
I have not received any reply as of this date and this motion
needs to be filed to preserve my rights pursuant to the
laws.

              I  await  your  repsonse  to  thsi  Motion,  and  I  have
Served the District Counsel for DHS. I thank you for your
time, attention and assistance with this matter now before you.

                              Respectfully Submitted,
                              Carlos N. Sanchez
                              Carlos Sanchez aka
                              Mario Agudelo
CC: File
Off. AdmTr. US IMMg, Ct.
DHS District Counsel

Carlos Sanchez W-66281
aka Mario Agudelo
O.C.C.C.
1 Adminstration Road
Bridgewater, Mass. 02324-3230

May 19, 2003

Re: File NO. A29-701-647

Office of District Counsel
Department of Homeland Security
J.F.K. Federal Building/Rm. 425
15 New Sudbury Street
BOston, Mass. 02203

EXHIBIT

A

Dear Sir/Madam,

I am writing to seek the appropriate filing paper to waive the payment fee's under 8 CFR § 3.31 . So I can re-open this case, because of the errors by [INS] or the Department of Correction. Please see all the attached documents that was submitted to the Immigration Court in Boston, see their response.

Whereas I am in need of the waiver of payment, I am also in need of the regulation 8 CFR 3.31 et. seq., andanything related to the filing procedure in reopenning this action.

I am presently working on the motion to reopen this case. Not because I do not want to be deported. But so I can be deported expeditiously , as I should have been September 22, 1995, when I was release from the Department of Correction facility in Norfolk. Whom conveyed and told me that INS was not coming to deport me back to my country.

I need the assistance of your Office to get me back to my country, Columbia. The fact of the matter is when INS waived juridiction to deport me to my homeland, I was not aware of a probation matter, that would not have followed me if I was returned to Columbia, pursuant to Justice Shapiro order on January 21, 1992. But for someone inadvertant action

-1-

United States Immigration Court

Immigration & Naturalization
Services


v.                        No. A 29-701-647


·         Carlos Sanchez aka Marion Agudelo

## Motion to Reopen Case or for Reconsideration

The defendant/petitioner Carlos Sanchez also known as
Mario Agudelo, respectfully submitted request and moves
this Honorable Court to reopen and/or reconsider this action,
pursuant to 8 USC § 1229a (6) [C] (d) (e) [B]; § 1252 (b)
(6) (e) (2) (3) [D]; § 1182; 28 USC § 2242 and Federal Rule
of Civil Procedure Rule 15 and 81 . relating to the defendant
/petitioner deportation for the reason set out herein:

The Immigration Court, Justice Shapiro issued an on
against the defendant/Petitioner to be returned to Columbia,
on January 21, 1992.

The defendant/petitioner,was serving a sentence of 9
to 10 years, for home invasion, kidnapping, A & B with
dangerous weapon, served eight years ten months.

THe defendant/petitioner was released of the custody
of the Massachusetts Department of Correction from the facility
known as MCI-Norfolk on or about September 22, 1995.

-1-

at No time until the defendant/petitioner had knowledge of a probation issue until he was detained for an unrelated matter. When he was informed first about the probation, and then the Deportation warrant that he was misinformed that INS waived jurisdiction, by (Ms. Hillman) on his release from MCI-Norfolk on 9-22-95.

The defendant/petitioner Moves this Honorable Court to reopen this action. An Issue an Order to The Department Of Homeland Security and INS for Immediate release to the Deportation Order, and Be Deport to the defendant native Land Columbia.

**Wherefore:** The defendant/petitoner Carlos Sanchez aka Mario Agudelo, prays that this Honorable Court Issue an order to the Clerk of said Court to issue a Writ of Habeas Corpus, so that he can be heard on the Motion to Reopen this action of Deportation. He Further Prays that the Order for deportation will be forthwith and without delay, Because of the human errors of others in this action, and/or any alter-native that the Immigration court demm appropriate and just.

Respectfully Submitted,

Date: 5-30-03

Carlos M. Sanchez.
Carlos Sanchez aka
Mario Agudelo
O.C.C.C.
1 Administration Road
Bridgewater, Mass. 02324-3230

-4-

On March 18, 1999, a hearing was held to surrender my probation . They imposed 10 to 15 years for a crime that happened in 1987 that I had previously served time for, and was unaware that with the 9 to 10 years to serve also had probation from and after said sentence.

Because Ms. Hullman had misinformed me about the deportation warrant, and that INS waived jursidiction, she processed the papers on 9-18-95, and I was released 9-22-95, and she alleges that she mailed papers to an address in Boston.

The Probation would be null and void. If in fact that INS had deported me pursuant to the order issued on 1-22-92 by the Honorable Justice Sharipo. Because the probation would not exist in Columbia.

Because the error lies with the office of Immigration and Naturalization Services and the Keeper of records for the Massachusetts Department of Correction (Ms. Hillman). I am forced to do an additional 10 to 15 years.

I now repsectfully moves this Honorable to Reopen this action. For the Purpose of Immediate deportation to Columbia. because of the errors made first by the Mass. DOC for misplacing the deportation order, and then informing the defendant/ petitioner, that INS is waiving jurisdiction on the date released 9-22-95.

Furthemore the defendant/petitioner was never afforded a copy of his condition for release i.e. Probation. Nor did they inform the defendant/petitioner, who or where to report for his alleged probation.

-3-

The Mass. Dept. of Correction, Record Supervisor (Christine Hillman), allegedly Processed the release papers on September 18, 1995. Unaware that of the detainer warrant by The IMMigration Court Issues on Janaury 21, 1992.

That On September 22, 1995, when I was release, I was informed that INS would not be detainning me and they waived jurisdiction.

Ms Hillman alleges that she forward a copy of the condition for release to 33 Columbus Avenue Boston, Mass. 02108, on September 27, 1995, to an unknown address. see [EX E ]. which states there is a probation condition that I was never aware of and should have known on the date of release September 22, 1995.

Prior to the defendant/petitioner release, he was serving a 9 to 10 years for Home invasion, A & B with a dangerous weapon, and possession of drugs. He served eight years ten months of said sentence.

THe Mass. Depart. of Correction retains a copy of the Deprtation order issued on January 22, 1992. I was in their custody when Justice Shapiro of U.S. Immigration Court issued the order tfor deportation to Columbia upon my release.

Upon an arrest I was inform September of 1998 that the warrarnt for deportation was in effect, as well as a Probation detainer warrant.

-2-

and failure to comply with the deportation order. Caused me to serve in addition to the eight years I previously served an additional 10 to 15 years, Because INS failed to deport.

What I am challenging now is to be deported forthwith and without delay back to Columbia. Whereas either INS or Mass. DOC failed in their duties to deport and/or inform me of all stipulation of my release, which they did not.

MY plight is to be deported immediately without delay or I will be forced to appeal before B.I.A. I await your respeonse to this request for the appropriate papers and code of federal regulations at the earliest convenience. So that I may reopen this action, and give closure to this problem caused by INS and MASS. DOC.

I thank you for your time, attention and assistance with this most serious matter now before you.

Respectfully Submitted,

Carlos M. Sanchez.

Carlos Sanchez
aka Mario Agudelo

CC: File
OFF. H-Land Sec.
Immg. Court



UNITED STATES DEPARTMENT OF JUSTICE
# Immigration Court- Boston

**Office of the Administrator**
JFK Federal Building, Room 320
15 New Sudbury Street
Boston, MA 02203

Date: 5 - 12 - 03

```
┌─────────────┐
│   EXHIBIT   │
│             │
│      B      │
└─────────────┘
```

To:

Dear   Sir or Madam  :                    RE: A 29-701-647

The attached:____Appeal_____Motion to Continue____Motion to Change Venue
(Motion to Reopen)/Re-calendar____Check____(Letter)_____

## The above referenced matter is returned for the following reasons:

☐ Lack of certification to the other party (8 CFR3.32).
{Office of District Counsel, JFK Federal Building - Suite 425,
15 New Sudbury Street, Boston, MA 02203}

☒ There is no evidence of payment of the appropriate filing fee (8 CFR 3.31).

☐ The A number submitted on your documents is not pending before this Court nor does it appear on our Central Computer Records. Please check the submitted A number for correctness.

☐ The Immigration Court does not accept filing fee payment. The fee must be paid directly to INS and the receipt, attached to your filing with the Court is evidence of payment.( 8 CFR 3.3.31(b) ).

☐ The required Notice of Appearance (EOIR-28) is not on file (8 CFR 3.17).

☒ All documents must be 'two hole' punched and be submitted on 8.5 x 11 paper.

☐   The appeal of the Immigration Judge must be sent to the BIA with a copy to the Office of District Counsel :

Board of Immigration Appeals
Office of the Clerk
5201 Leesburg Pike, Suite 1300
Falls Church, VA 22041

Office of District Counsel
Department of Homeland Security
JFK Federal Building, Room 425
15 New Sudbury Street
Boston, MA 02203

☐   This is not the Court of jurisdiction. We believe the correct court is:

☐   Other: _Please Consider you have been deported. Perhaps_
_you should write to DHS (INS), Deportation Office with_
_your concerns._____

_____
Clerk

ice of District Counsel
artment of Homeland Security
Federal Building, Room 425
New Sudbury Street
ton, MA 02203

H:\wpdocs\Returned documents\Revised 03-03a.wpd

Carlos Sanchez W-66281
O.C.C.C.
1 Administration Road
Bridgewater, Mass. 02324-3230

     ReL File No. A 29-701-647
     Carlos M. Sanchez aka Mario Agudelo

United States Immigration Court
District of Massachusetts
J.F.K. Federal Building/Rm. 320
15 New Sudbury Street
Boston, Mass. 02203

```
┌─────────────────┐
│    EXHIBIT      │
│                 │
│       C         │
└─────────────────┘
```

Dear Sir/Madam,

     I am writing to seek assitance  in re-openning my deportation claims.

     First of all a decision was rendered before the Honorable Justice Shapiro, on January 21, 1992. Upon my releaseI was to be deported immediately  to my country. see, Justcie Shapiro missive attached hereto.

     The Massachusetts Departmenmt of Correction notified INS about my release, I was held at the facility known as MCI-Norfolk, until September 22, 1995 I was held for the Immigration Service. Whereas INS never came for me the [DOC] released me from that facility. Such release can be construed as a waiver of deportation by the INS.

     Because of the confusion with INS, there were issue of probation that I was not informed upon my release. But if i was taken into custody by INS, for deportation. The Probation would have never been an issue, because I would have been in my native country Columbia, as the probation would be void.

-1-

The records department for the [DOC], Ms.,Hillman erred by not informing me that the probation obligation would be effective since INS waived jurisdiction and alloowed my stay and release wiuthout any detainer.

Because of this error has now become costly. First because I was unawre that I had to report to the Probation department. Secondly when I was detained i was told about INS warrant and then my probation., which would have never been a factor but for INS waiver to deport, and I would have not challenged said order until now. Whereas this error caused me to do additional time, for violating probation that I was not informed about after serving more than 11 years.

New York. in the pass two years, since congress past their recent immigration laws in the UNited States. They have deported a record of 300,000 undocumented, Twice the numbers of the two previous years before, according to recent publicated records.

The prnciple reason is to give more authority to INS. The Newyork Times who has obtained an official record of deportation, that their budget was significantly increased. The "Time alleges that INS ahs one million dollars for detention and deportation detainees'. The INS authorities makes the decision of the tinme the detainee must return to their country or origin.

-2-

The INS has now converted its agency, of 15,000 agents, whom are authorized to carry firearms and make arrest, even more the FBI, for example : They have made "Immigration deatinees' more important now, than the war on Narcotics'. declared Maria Jimenez to the Times. She is the director of the Program supervising the actions of INS. Affiliated to the Association "Friends Service Committee" of Houston [Texas]. Kerry Bretonz a immigration lawyer in New York, said the INS has clearly changed its objective and is now centered in the labor of detention and the deportation. " The rule of the ghame changed radically".

Lamar Smith , president of the Immigration sub-committee for the chambers of representatives and principle architect of this law that gives more power and monies to INS. Said that this first numbers show that the new legislation is working. But he was not satified to know that INS was only deporting a minimum percentage that are returned to their countries , for living illegally in the United States. " The goal is to do all possible to have the maximum number f immigration detainees return to their countires of origin".

The new legislation allows INS agents to make the decision to deport in less than Twelve (12) hours, without the presence of an attorney or Judge. ONce returned to their countries they cannot come back in less than Five (5) Years

The action by INS has been noted that an increase numbers of deportation of undocumented that ahs already lived in the UNited States [close to 78,000, up since last year] , for the most part work and pay their taxes.

-3-

Because the INS agents have intensified their operationsin: work centers. airports or simply in neighborhoods wheree a great numbers of undocumented is suspected. The new law has widen the definition of "deportable" to the extreme. That any person with a relatively minor crime could be deported even with a legal permit for residency.

Until now murders or rapist will make those persom immediately deportable: But now it applies to those falsified documents, or those who commit minor sexaul crimes such as sexual harrassment at work. More than 106,000 immigrants with prior minor records were deported during 1998. Which represents an increase of 50% with respect to the two previous years. the work of INS has succeded its own exspectations for exampletheir goal was 93,000 deportations in 1997 and made close to 114,000 and in 1998 their goal was 127,300, deportations and deported 169,072.

According to the Time, the Ins during 1998 fiscal year that ended September 30 th136,795 mexicans were deported; 5,179 from Salvador; 4,943 from Guatemala; 2,440 from the Dominica Republic; 1,805 form Jamaica; 1,747 from Columbia; 636 from Ecquador and 571 from Peru.(see attached Article).

The facts are clear that Justice Shapiro had order my deportation effective immediately upon my release. On September 22, 1995, INS and the masachusetts Department of Correction was aware of the deportation order. Both INS and [Mass. DOC] sought to release me forthwith to the Streets

-4-

of Massachusetts. INS waived their jurisdiction, and caused a gravamen of errors by their waiver. First the DOC failed to inform me that I had a probation to serve and the stipulation of probation. I wasn't aware of the probation and thereby wasn't aware that I had to report to the probation department in Middlesex county. I was violated Invoking the sentence of (10) to (15) years for whereabouts unknown and failure to comply with the probation agreement, that was not given to me by the [DOC] upon my release after serving 8 and one half years.

Therefore I move you as the clerk of this court to re-open this action and inform Justice Shapiro of all the errors. As I am seeking to be deported immediately to my country Concava, Medellin, Columbia.

Attached hereto is copies of document that i have to prove some of my claims.

I await your reply to this request to repoen my case in the Immigration Court so that I can be deported immediately forthwith and without delay from the errors caused by INS and the Massachusets Department of Correction.

Respectfully Sumitted,
Carlos M. Sanchez
Carlos M. Sanchez
akd Mario Agudelo

-5-



# Levington & Associates
## Attorneys at Law

Marcy C. Levington

Jonathan M. Spirn
-of counsel

1171 Washington Street
West Newton, MA. 02465
Phone- (617) 969-1116
Fax- (617) 969-1118

October 21, 1999

Carlos Sanchez #W66281
Old Colony Correctional Center
One Administration Road
Bridgewater, MA. 02324

> **EXHIBIT**
>
> **D**

Dear Mr. Sanchez:

Enclosed please find a copy of the appellate brief filed on your behalf. As we discussed the issues we presented were that you were unaware of the conditions of your probation, and that the only evidence that was presented that you knew of your conditions was the testimony of the judge.

Please read it over, I feel it presents some strong issues. We are asking that your probation revocation be reversed.

The next step in the process is to wait for the Commonwealth to provide us with their reply to the brief. They have until mid January to reply.

If you have any questions please give me a call.

Very truly yours,

Jonathan Spirn

*The Commonwealth of Massachusetts*

*Massachusetts Correctional Institution, Norfolk*

Rec'd
SEP 18 1995

P.O. Box 43
2 Clark Street
Norfolk, MA 02056

Paul DiPaolo
Superintendent

Tel. (617) 727-1480
(508) 668-0800
Fax (617) 727-7168

9-27-95

33 Columbus Ave
Apt #3
Boston, MA
02108

DATE: 9-8-95
RE: Sanchez, Carlos
AKA: Agudelo, Carlos
DOB: 3-3-63  SS# 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
DOCKET#: 87540
LAST KNOWN ADDRESS:
1 Maple Street
Malden, MA

EXHIBIT

E

Joyce E. Coleman, Chief Probation Officer
Middlesex Superior Court
Court House
Cambridge, MA 02141

Dear Sir/Madam:

Our records indicate that the above named inmate has:
____ a) been sentenced to a period of probation to commence
upon release from his current incarceration.
____ b) an outstanding detainer from your jurisdiction.

A Certificate of Discharge, indicating the expiration of sentence, has been processed
for ____9-22-95____. As such, the inmate is scheduled to be released from our custody on
this date. Should the inmate earn or lose any additional good conduct credits in the interim, the
anticipated release date may require a revision.

In the event that you wish to confirm the exact date of release, or if you have any questions I
can be reached at (617) 727-1480 extension 291.

Very truly yours,

Christine Hillman

**Christine Hillman**
**Records Supervisor**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

*S-AGUDELO-SANCHEZ, CARLOS MARIO

*INMATE W66281*
*OLD COLONY CORRECTIONS INST.*
*1 ADMINISTRATION RD.*
*BRIDGEWATER, MA 02324*

> EXHIBIT
>
> F

Date: Jul 15, 1999

File A29-701-647

In the Matter of:
   *S-AGUDELO-SANCHEZ, CARLOS MARIO

_____ Attached is a copy of the written decision of the Immigration Judge.
This decision is final unless an appeal is taken to the Board of
Immigration Appeals. The enclosed copies of FORM EOIR 26,
Notice of Appeal, and FORM EOIR 27, Notice of Entry as Attorney or
Representative, properly executed, must be filed with the Board of
Immigration Appeals on or before _____.
The appeal must be accompanied by proof of paid fee ($110.00).

_____ Enclosed is a copy of the oral decision.

_____ Enclosed is a transcript of the testimony of record.

_____ You are granted until _____ to submit a brief
to this office in support of your appeal.

_____ Opposing counsel is granted until _____ to submit a
brief in opposition to the appeal.

___✓___ Enclosed is a copy of the order/decision of the Immigration Judge.

All papers filed with the Court shall be accompanied by proof
of service upon opposing counsel.

Sincerely,

_____
Immigration Court Clerk                         UL

cc: SEAN H. KEENAN
    GOVERNMENT CENTER
    BOSTON, MA  02203
RVG

JFK FEDERAL BLDG., ROOM 3
BOSTON          MA      02203

EXHIBIT

G

To:    Carlos M. Sanchez
       Inmate No.
       MCI Concord
       P/O/ Box 9106
       Concord, MA 01742

From:  Judge Shapiro

Re:    A29-701-647

       Dear Mr. Sanchez:

       I have reviewed your file and have observed that I issued an order of deportation to
Colombia on January 21, 1992. This order is still in effect and I am by way of a copy of this
memo advising the Immigration Service of your wish to be deported immediately.

       Good luck to you.

c:     INS TAU
       J.F.K. Fed. Bldg. Rm. 425
       Govt.. Center
       Boston, MA 02203

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS

EXHIBIT
H

Old Colony Correctional Center
One Administration Road
Bridgewater, Mass.  02324

Re: Carlos M Sanchez AKA Mario Agudelo

Date: December 08, 1999

File A 29-701-647

In the Matter of:
Carlos M. Sanchez AKA Mario Agudelo

_____ Attached is a copy of the written decision of the Immigration Judge.  This decision is final unless an appeal is taken to the Board of Immigration Appeals.  The enclosed copies of FORM EOIR 26, Notice of Appeal, and FORM EOIR 27, Notice of Entry as Attorney or Representative, properly executed, must be filed with this office on or before _____.  The appeal must be accompanied by proof of paid fee ($110.00).

_____ Enclosed is a copy of the oral decision.

_____ Enclosed is a transcript of the testimony of record.

_____ You are granted until _____ to submit a brief to this office in support of your appeal.

_____ Opposing counsel is granted until _____ to submit a brief in opposition to the appeal.

_____ Enclosed is a copy of the decision of the Immigration Judge.

All papers filed with the Court shall be accompanied by proof of service upon opposing counsel.

__X__ Other

Sincerely,

Immigration Court Clerk                    UL

cc:

R. Agudelo Sanchez Carlos Mario
Old Colony Correctional Center
1 Administration Rd
BridgewaTER Mass 02324



EXHIBIT

1

Sean H. Keenan
Clerk of the Immigration Court
United States Department of Justice
Immigration Court
Boston Mass 02203

December  16, 1999

Re; A29-701-647

Dear Clerk of Immigration;

On January 21, 1992 Judge Shapiro of your Court issued and order of deportation in regards to my situation.

Since then I have filed numerous papers in obtaining this order and execution of same. I was returned to the Department of Corrections and sentenced to anothe 5 to 10 year sentence. At this time I would respectfully request that at the time of my parole I would like the order of deportation to be executed, if not sooner.

I thank you for your assistance in this matter and await your response.

Very truly yours,

Carlos M. Sanchez

cc
file

enclosures

ATTORNEY AT LAW
FRANK G. KELLEHER, ESQ.
18 BROADWAY
YORK, MAINE 03909

March 13, 1999

Carlos Mario Agudelo Sanchez
P.O. Box 9106
West Concord, MA 01742

> **EXHIBIT**
>
> **K**

RE: Comm. v. Sanchez
INS v. Respondent Sanchez

Dear Mr. Sanchez:

My mail is forwarded to me from Boston. I closed my office at 294 Washington Street, Boston, on December 31, 1998. I have been a lawyer since 1954.

I do not remember you, but I have handled over 2,100 cases and 80% of those cases had Spanish surnames, that is last names from Acevedo and Alvarez to Santiago and Suarez.

I have never not explained the consequences of pleading guilty to a felony wherein the defendant is being sent to prison.

I can only report this to you. If your case is over ten years old, and my records indicate that it was in 1987 in Cambridge when you had your indictments against you, then your papers have gone to a shredder for shredding and recycling.

The lawyer has a duty to retain files for ten years and they can then be destroyed.

I was not retained as your lawyer for life. You can get a lawyer appointed for you by the Immigration Judge. Believe me, those lawyers specializing in Immigration Law can represent you well.

I can tell you what is common knowledge. The U.S. Government now has a "zero tolerance" for non-citizens who have been convicted or pleaded guilty to what constitutes an aggravated felony. Since ADEPA in 1996 you are deportable

Carlos Sanchez W-66281                                    April 28, 2003
O.C.C.C.
1 Administration Road
Bridgewater, Mass. 02324-3230


          Re: Commonwealth v. Carlos Sanchez
          Appeals Court No. 99-P-1193

Levinton & Associates
Attorney at Law
Attn Jonathan M. Spirn Esq.
371 Moody Street, Suite 101
Waltham, Mass. 02453-5239

          Dear Atty. Spirn,

          I am writing to inquire as to the status of the decision
in the Supreme Judicial Court, that aF.A.R should havebeen filed. My
previous Missive to you dated 1/23/03, seeking a complete copy of the
briefs by you and the Prosecution that you failed to repond too.

          Moverover the transcript of the proceeding can be resurrected
from thr Social Law Library whereas I originally had an appeal under
SJC No. 87-540, so there must be copies some where. Also the Immigration
detainer warrant that I was being held for, was issued january 21, 1992,
by the Honorable Justice leonard Shapiro. Because Norfolk release me
from Prison after the Department of Immigration waived jurisdiction
or failure deport me back to Columbia. The Department of Correction
failed to provide me with the papaers for Probation.

          Yes during our plight and fighting this issue I myself
failed to think of why I did not have this papper work until they produced
it while we were arguing these matters before the court. Iniatially
the department of immigration had sole custody of me until the Dept.
Of Correction released me. Because the immigration failed to receive
custody or waived jurisdiction.

          In Closing I respectfully request that you afford me a
complete copies of the Appellate briefs and F.A.R. Briefs. I await Your
rply to this request and awat the materials.

                                        Sincerely,
                                        Carlos N. Sanche
                                        Carlos Sanchez

cc: File
L.M. Spirn Esq.

EXHIBIT
L

EXHIBIT

M

# 0 mil ilegales en dos años

Hasta ahora el asesinato o violación desencadenaban una deportación inmediata, pero en la actualidad se aplica contra quienes falsifican documentos o cometen delitos sexuales menores como acoso sexual a compañeros de trabajo. Por ello, más de 106.000 inmigrantes con antecedentes penales fueron deportados durante 1998, lo que representa un incremento del 50 por ciento respecto a los dos años anteriores. El trabajo del INS en este sentido ha sido tan bueno que ha superado con creces sus propias metas, ya que, por ejemplo, se fijaron

el objetivo de 93.300 deportaciones en 1997 y realizaron cerca de 114.000, mientras que en 1998, el objetivo era de 127.300 deportaciones y se llevaron a cabo 169.072.

Según los últimos datos del INS, durante el año fiscal de 1998, que finalizó el pasado 30 de septiembre, se deportaron 136.795 indocumentados de México; 5.179 de El Salvador; 4.916 de Honduras; 2.440 de Guatemala; 4.943 de la República Dominicana; 1.805 de Jamaica. 1.747 de Colombia; 636 de Ecuador y 571 de Perú.

nmigración, Estados Unidos ha deportado un récord de 300.000 indocumentados, el doble que durante los dos años anteriores, según datos publicados recientemente.

La razón principal de este aumento está en la combinación de leyes mucho más dura que conceden más autoridad al Servicio de Inmigración y Naturalización de EEUU (INS) y el significativo aumento del presupuesto de este último, afirma el diario "The New York Times" que obtuvo los datos oficiales de deportaciones. El periódico recuerda que el INS cuenta actualmente con 1.000 millones de dólares anuales para la detención y deportación de indocumentados, además de contar con una mayor autoridad a la hora de decidir quién debe retornar forzosamente a su país de origen.

Esto ha convertido al INS en la agencia federal estadounidense de seguridad con mayor número de agentes, cerca de 15.000 autorizados a llevar armas y hacer arrestos, por encima de la Oficina Federal de Investigaciones (FBI), por ejemplo. "Detener a los inmigrantes es más importante ahora que la lucha contra el narcotráfico", declaró al diario María Jiménez, directora del programa de vigilancia de la actuación del INS dentro de la asociación "Friends Service Committee" de Houston (Texas). Kerry Bretnz, un abogado de inmigración de Nueva York, subrayó, por su parte, que el INS ha modificado claramente su objetivo y se centra más ahora en la labor de detención y deportación. "Las normas del juego han cambiado radicalmente", sostuvo.

Lamar Smith, presidente del subcomité de Inmigración de la Cámara de Representantes y principal arquitecto de esta ley que concede más poder y recursos al INS, dijo que estos primeros datos demuestran que la nueva legislación está funcionando. Sin embargo, no se mostró del todo satisfecho por estimar que el INS está deportando sólo un porcentaje mínimo de los que deberían ser devueltos a sus países por estar viviendo ilegalmente en EEUU. "La meta es hacer todo lo posible para que el máximo de inmigrantes ilegales regresen a su casa", dijo Smith. La nueva legislación permite a los agentes del INS a tomar una decisión sobre deportación en menos de 12 horas y sin presencia de abogados o jueces. Una vez regresados a su país, no pueden volver a Estados Unidos en al menos cinco años.

La acción del INS se ha notado, asimismo, en el aumento de las deportaciones de indocumentados que ya vivían en Estados Unidos (cerca de 78.000 en los últimos dos años), en su mayor parte con trabajo fijo y pagando los impuestos correspondientes.

Esto ocurre porque los agentes del INS han intensificado las redadas en centro de trabajo, aeropuertos o, simplemente, dentro de los barrios o localidades donde sospechan que hay un gran porcentaje de indocumentados.

La nueva ley también amplía la definición de "deportable" hasta el extremo de que cualquier persona con delitos relativamente menores puede ser repatriada aunque hayan obtenido el permiso legal de residencia.

## Certificate Of Service

I Carlos Sanchez aka Mario Agudelo, hereby certify a true and complete copy of the Foregone Motion and Exhibits has been served on the Office of the District Counsel, for the depart- ment of Honeland Security, JFK Federal Bldg. Rm 425, 15New Sudbury Street, Boston, Mass. 02203, By first class pre-paid mail on this _____ day of May, 2003

Signed under the pains and penalties of perjury.

CARLOS M Sanchez

Carlos Sanchez aka
Mario Agudelo