United States
Immigration Court

Immigration and Naturalization Services

v.

**EXHIBIT 6**

Carlos Sanchez  a/k/a  Mario Agudelo

Affidvait of Carlos Sanchez

I Carlos Sanchez a/k/a Mario Agudleo, the defendant/petitioner, in the above cited action. Being sworn to law states that the following facts are true to the best of my knowledge and beliefs:

On January 21, 1992, before the Honorable Justice Shapiro. Ordered the defendant/petitioner, to be deported to Columbia. Upon the completion of his term of 9 to 10 years for home invasion, with the Massachusetts Department of Correction.

On September 22, 1995, the defendant/petitioner was released by the Massachusetts Department of Correction, form MCI-Norfolk, alleging that I.N.S. waived Jurisdiction and deportation.

Ms. Hillman for the Mass. Dept. of Correction, Data Complier, alleged that I.N.S. had waived. She further alleged that on September 27, 1995, mailed a notice of condition of release (Probation), to an address in Boston 33 Columbus Avenue.

Thye defendant/petitioner was never in receipt of that notice, until his return to prison. Moreover he was not familar with the address that MS Hillman had mailed the notice of probation. If in fact any probation was to be

served from and after the sentence he had served previously served then said notification should have be given upon release, as the defendant/petitioner is suppose to see the probation officer Seventy Two Hour after his release. Not Upon notice by the Mass. DOC.

The defendant/ petitioner states now that he would not be serving a 10 to 15 year probation violation if he was served notice upon his release, so that he could have been informed the condition of his probation.

The Mass. Dept of Correction and the Office of Homeland Securty [Previously known as INS] erred in waiving the defendant/petitioner deportation to Columbia.

ON June 24, 2003 at approximately 1:20 PM. a United States Marshall had spoken to me without an interpretor about my motion to reopen and or Reconsideration of the deportation case. Officer David Mc Donald, then told me to contact his office, so they can aid with the parole to the warrant for Deportation, that must be activiated On September 22, 1995.

The defendant/petitioner does not seek to reverse the court decision, But seeks the Courts assistance for Immediate Removal and execution of the deportation warrant back to Columbia, because someone failed to execute the warrant on September 22, 1995.

The affiant states that the facts cited herein this affidavit are true to the best of my knowledge and beliefs he further seeks re-dress on the issues cited in his motion

to Reopen or Reconsider the merits of the Motion, for immediate removal to the defendant/petitioner native Country, Columbia. Butfor the Failure of INS to execute the deportation warrant on September 22, 1995, upon the defendant/petitioner's release from MCI-Norfolk.

Said Deportation Order was issued by Justice Shapiro, on January 21, 1992, the order must be executed upon release form prison. INS failure caused the affaint to serve additional time for a probation violation that he would not otherwise have to serve, because the deportation order was waived and said error allowed agents of the Commonwealth to error in serving the affaint the papers and condition of probation.

The only request for relief is immediate removal of the affiant to Columbia, as order on January 21, 1992, and the order should have been executed on September 22, 1995, when the affiant was released from prison.

The facts cited herein this affidavit are true to the best of my knowledge and beliefs. Signed under the pains and penalties of perjury on this 25 day of July, 2003.

by The Affiant

*Carlos M. Sanchez*
Carlos Sanchez a/k/a
Mario Agudelo