```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

JONAS ROBERT,                    )
                                 )
         Petitioner,             )
                                 )
     v.                          ) Civil Action No. 04-10918-RGS
                                 )
JOHN ASHCROFT, et al.,           )
                                 )
         Respondents.            )
```

## MEMORANDUM AND ORDER OF TRANSFER

This habeas action was transferred from the Eastern District of New York to this Court. For the reasons set forth below, this action will be transferred to the Middle District of Louisiana.

## BACKGROUND

On April 19, 2004, petitioner Jonas Robert filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of New York. Petitioner was previously detained at a federal facility in Oakdale, Louisiana by the Department of Homeland Security ("DHS") and, via contract with DHS, he is now housed at the Pointe Coupee Parish Detention Center in New Roads, Louisiana.[1] The habeas petition was accompanied by an

---

[1] Pointe Coupee Parish is located in the Middle District of Louisiana.

1

Application to Proceed Without Prepayment of Fees.

On May 5, 2004, the United States District Court for the Eastern District of New York (Dearie, J.) determined that venue in New York was improper, and ordered the petition transferred to the United States District Court for the District of Massachusetts.[2]

Petitioner claims, <u>inter alia</u>, that his detention by DHS for a period of more than two years without a reasonable likelihood of removal in the foreseeable future is unconstitutional.  <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 669-701 (2001) (stating that such aliens can not be detained beyond the period "reasonably necessary" to secure their removal, and establishing a presumption that six months should be sufficient time for removal if deportation is reasonably foreseeable).  Petitioner also disputes a final order of removal against him based on his conviction of a crime involving moral turpitude pursuant to 8 U.S.C. § 1227(a)(2)(A)(i).[3]

---

[2] Petitioner states that he was convicted of malicious destruction of property in Massachusetts, and this conviction apparently gave rise to the immigration proceedings against him.

[3] Petitioner contends that his conviction for malicious destruction of property does not constitute a crime involving moral turpitude.

DISCUSSION

This Court does not have jurisdiction to hear this petition because the petitioner is not in custody in this district. A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained). In this case, petitioner's legal custodian is the warden of the Pointe Coupee Parish Detention Center facility, i.e., the individual having day-to-day control over the facility in which he is being detained. Id. at 684. This Court does not have personal jurisdiction over the warden of the Louisiana facility, and therefore must either dismiss or transfer this petition to the proper district.[4] Id. at 696.

---

[4] The Court will not address petitioner's Application to Proceed Without Prepayment of Fees because the action is being transferred. See Vasquez, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian).

CONCLUSION

Based upon the foregoing, it is hereby ORDERED, that this action be TRANSFERRED to the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, LA 70801 for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 11th day of May, 2004.

                                              s/ Richard G. Stearns
                                    UNITED STATES DISTRICT JUDGE